IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAMELA S. MCKINLEY, as Parent and
Guardian of GM, A Minor Child;
MARGUERITE GARNER,
VALERIE GEORGE, EVAN D. ROBERTS,
SAUNDRA THOMPSON d/b/a Q SHOES,
KRISTINE M. BLACKMAN AND PHILLIP
BLACKMAN d/b/a BLACKMAN
TAEKWONDO ACADEMY, LLC, MESA DE
PLATA LLC d/b/a JALISCO CAFÉ, and
SUSANA VASQUEZ d/b/a PET FOOD
GONE WILD, INC., TRISHA D. KEEFE,
JILL M. INANNA, DAVID G. STEPUTIS,
And JOHN OR JANE DOES 1-100

  Plaintiffs,

v.                 Case No. 1:20-cv-01331-MV-JFR

GOVERNOR MICHELLE LUJAN GRISHAM, in
Her Official Capacity as well as Individually;
PUBLIC HEALTH DIRECTOR KATHYLEEN
KUNKEL, INTERIM DIRECTOR BILLY
JIMENEZ, and TRACIE COLLINS, M.D.
Secretary-Designate of NMDOH, Jane and
John Does 1-20,

  Defendants.

**DEFENDANTS' RESPONSE TO MOTION TO INTERVENE AS OF RIGHT**

  Defendants Governor Michelle Lujan Grisham and Secretary-Designate Tracie Collins (collectively, "Defendants"),[1] by and through their counsel of record, hereby submit this response

---

[1] Kathyleen Kunkel and Billy Jimenez were also named in their official capacities as Secretary and Acting Secretary of the Department of Health, respectively. *See* Am. Compl. at 1 (caption), ¶ 16. However, Ms. Kunkel retired last year, and Mr. Jimenez is no longer Acting Secretary of the Department of Health. Accordingly, their successor, Secretary-Designate Collins, is automatically substituted in their place. *See* Fed. R. Civ. P. 25(d).

in opposition to Arthur Firstenberg's ("Intervenor's") Motion to Intervene as of Right [Doc. 11] ("Motion to Intervene" or "Motion"). As grounds for this response, Defendants state as follows.

## BACKGROUND

As the general background to this action is thoroughly covered in Defendants' Motion to Dismiss [Doc. 8], Defendants recount only the facts pertinent to Intervenor's Motion. Recognizing the seriousness of this virus and its ability to spread exponentially, the Governor declared a public health emergency under the Public Health Emergency Response Act, NMSA 1978 §§ 12-10A-1 to -19 (2007) and invoked the All Hazards Emergency Management Act, NMSA 1978, §§ 12-10-1 to -10 (1959), as amended through 2007), by directing all cabinets, departments, and agencies to comply with the directives of the declaration and the further instructions of the Department of Health (the Department).[2] Consistent with the powers provided during an emergency under both these Acts, as well as the Public Health Act, NMSA 1978, §§ 24-1-1 to -40 (1973, as amended through 2019), the Secretary subsequently entered a series of public health orders ("PHOs") prohibiting most gatherings of any significant size and curtailing or prohibiting the operations of many businesses.[3]

The current PHO sets restrictions on a county-by-county basis depending on the number of COVID-19 new cases and the average test positivity rate.[4] As relevant to this case, the current

---

[2] Governor Michelle Lujan Grisham, *Executive Order 2020-004* (March 11, 2020), https://cv.nmhealth.org/wp-content/uploads/2020/03/Executive-Order-2020-004-r.pdf.

[3] *See generally Public Health Orders and Executive Orders*, N.M. Dep't of Health, https://cv.nmhealth.org/public-health-orders-and-executive-orders/ (last visited Oct. 18, 2020) (collecting PHOs and executive orders relating to COVID-19).

[4] N.M. Dep't of Health, *Public Health Order* at 6 (Jan. 29, 2021), https://cv.nmhealth.org/wp-content/uploads/2021/01/GovernorsOffice@state.nm_.us_20210129_161525.pdf [hereinafter January 29 Order].

PHO provides: "Unless a healthcare provider instructs otherwise, all individuals shall wear a mask or multilayer cloth face covering in public settings[.]" *Id.* at 11. The PHO also provides that retail spaces "may not allow a person who is without a mask or multilayer cloth face covering to enter the premises except where that person is in possession of a written exemption from a healthcare provider." *Id.*

Against this factual backdrop, Plaintiffs filed the instant action asserting a multitude of confusing and undeveloped claims. *See generally* [Doc. 4] ("Amended Complaint" or "Am. Compl."). As relevant to Intervenor's Motion, Plaintiffs complain about alleged actions by third parties that they contend arise from the mask requirement[5] and claim that masks are ineffective and unhealthy. *Id.* at 92-95. Intervenor filed his Motion seeking to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), claiming to be entitled to intervene in this action to also challenge the mask requirement. *See generally* Motion. Intervenor claims to have a "direct and substantial interest" in challenging the mask requirement because he "is medically unable to wear a mask and carries with him at all times a letter from his doctor stating so" but continues to be "verbally and physically assaulted" in public places and banned from stores because he refuses to wear a mask. *See* Motion at 6-7, 13. He further (erroneously) claims Defendants have shut down libraries and senior centers, which has injured him because he now has to pay for internet at a FedEx. *See* Motion at 14 ¶ 7. Both Plaintiffs and Defendants oppose the Motion. *Id.* at 3.

**DISCUSSION**

**I.    Standard of review**

---

[5] *See, e.g.*, Am. Compl. at ¶ 14(b) (complaining about being harassed by employees and customers in stores for improperly wearing a mask); *id.* ¶ 14(i) (same); *id.* ¶ 14(c) (claiming doctors have refused to provide her a medical exemption letter despite being qualified for one); *id.* ¶ 14(h) (complaining about citizens reporting her employees and harassing her customers for not wearing masks).

Federal Rule of Civil Procedure 24(a) provides that non-parties may intervene in a pending action as of right if: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is [not] adequately represented by existing parties." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017) (alterations, internal quotation marks, and citation omitted). In addition to these elements, the proposed intervenor must demonstrate the validity of his claims. *See Lucero ex rel. Chavez v. City of Albuquerque*, 140 F.R.D. 455, 457 (D. N.M. 1992) ("The first step in determining whether to permit intervention is to establish the validity of the proposed intervenor's claims."); *see also Solien on behalf of NLRB v. Miscellaneous Drivers & Helpers Union, Local No. 610*, 440 F.2d 124, 132 (8th Cir.) ("Intervention . . . presupposes that the applicant has a right to maintain a claim for the relief sought."); *Romero v. Bd. of Cty. Comm'rs for Curry*, 313 F.R.D. 133, 137 (D.N.M. 2016) ("The movant bears the burden of establishing its right to intervene.")

**II.     The Court should deny the Motion to Intervene because lacks standing to pursue his claims against Defendants**

Article III of the U.S. Constitution restricts the federal courts to the adjudication of "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "To establish Article III standing, a plaintiff must show that: (1) she has suffered an 'injury in fact' . . . (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). "The principle of causation for constitutional standing requires a plaintiff's injury to be fairly traceable to the challenged *action of the defendant*, and not the result of the independent action of some third party not before the court." *Bronson v. Swensen*, 500 F.3d 1099, 1109 (10th Cir. 2007) (internal quotation marks and citations omitted); *see also Aptive Envtl., LLC v. Town of*

*Castle Rock*, 959 F.3d 961, 977 (10th Cir. 2020) ("To satisfy the traceability requirement, the defendant's conduct must have caused the injury." (internal quotation marks and citations omitted)). Relatedly, to establish redressability, a "plaintiff must also establish it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Committee to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 452 (10th Cir. 1996); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1159 (10th Cir. 2005) ("[R]edressability and traceability [often] overlap as two sides of a causation coin." (internal quotation marks and citation omitted).

In this case, it is undisputed that the PHO contains an explicit exemption for individuals like Intervenor who have been directed by a healthcare provider not to wear a mask. *See* January 29 Order, *supra* note 4, at 11;[6] *see, e.g.*, Motion at 26 ¶ 31. It is similarly undisputed that the PHO does not require any store to bar entry to individuals who are in "possession of a written exemption from a healthcare provider." *See* January 29 Order, *supra* note 4, at 11. Accordingly, Intervenor's complaints regarding any mask mandate lie solely with the actions of third parties and not any official action by Defendants. For example, Intervenor alleges that he was yelled at and physically assaulted at a UPS store *by their employees and customers*. *See* Motion at 13 ¶ 6. But Defendants have no duty to protect Intervenor from the actions of private citizens. *See Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty and property of its citizens against invasion by private actors."). While Intervenor complaints Defendants have not "publicized" the exception, Motion at 26 ¶ 31, it is undisputed that the PHO is widely available online. *See* January 29 Order, *supra* note 4. Intervenor cites no authority for the proposition that because the Governor

---

[6] The Court may take judicial notice of the PHO and its provisions. *See, e.g., Legacy Church, Inc. v. Kunkel*, No. CIV 20-0327 JB\SCY, 2020 U.S. Dist. LEXIS 122542, at *329 (D.N.M. July 13, 2020) (taking judicial notice of PHOs).

has not mentioned the medical exemption at some of her press conferences, she is responsible the acts of private citizens who take issue with Intervenor refusing to wear a mask during a pandemic. *See* Motion at 36-27 ¶ 31; Nor does Plaintiff cite, as he cannot, any authority for the proposition that the PHOs must *compel* private citizens to accommodate Intervenor's ostensible medical condition. *See* Motion at 27 ¶ 32.

Finally, to the extent Intervenor complains about his lack of free internet at public libraries and senior centers, *see* Motion at 29-30, he cannot point to any provision in the PHO that closes any government buildings like public libraries, nor senior centers.[7] *See generally* January 29 Order, *supra* note 4 (only imposing occupancy restrictions on "businesses, houses of worship, and other non-profit entities" and permitting nearly every entity to operate at 25% occupancy in Red Level counties). And even if he could, Defendants are aware of no constitutional right to free wifi. *See Deshaney*, 489 U.S. at 196 ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Youngberg v. Romeo*,

---

[7] The Court should disregard any legal, conclusory statements that these places "have been shut down by Defendants' Orders." Motion at 14 ¶ 7; *cf. Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (stating that in reviewing a 12(b)(6) motion, courts should "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable"). Additionally, insofar as Intervenor seeks to challenge prior PHOs, his claims are moot and barred by both qualified and sovereign immunity. *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) (concluding that an appeal from the denial of a preliminary injunction seeking enjoin the enforcement of the Louisiana governor's executive order restricting in-person church services to ten congregants was moot because the order expired); *DeBauche v. Trani*, 191 F.3d 499, 505 (4th Cir. 1999) (noting that the *Ex parte Young* exception to sovereign immunity requires "an ongoing violation of federal law" and thus "does not apply when the alleged violation . . . occurred entirely in the past") *see also* Defendants' Motion to Dismiss [Doc. 8] at 26-27 (discussing sovereign and qualified immunity).

457 U.S. 307, 317 (1982) ("As a general matter, a State is under no constitutional duty to provide substantive services for those within its border").

Given that Intervenor's alleged injuries flow from the independent acts of third parties not before the court, he fails to demonstrate both the causation and redressability required for standing. He therefore lacks standing to sue Defendants, and his Motion should be denied as a result.[8]

## CONCLUSION

For the foregoing reasons, this Court should deny Intervenor's Motion.

Respectfully submitted,

*s/ Holly Agajanian*
Holly Agajanian
*Chief General Counsel to*
*Governor Michelle Lujan Grisham*
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
Holly.Agajanian@state.nm.us
505-476-2210

Kyle P. Duffy
*Associate General Counsel to*
*Governor Michelle Lujan Grisham*
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
kyle.duffy@state.nm.us
505-476-2210

Maria S. Dudley
*Associate General Counsel to*
*Governor Michelle Lujan Grisham*
490 Old Santa Fe Trail, Suite 400
Santa Fe, New Mexico 87501
maria.dudley@state.nm.us
505-476-2210

---

[8] To the extent Intervenor incorporates by reference any of Plaintiffs' allegations and counts, the legal inadequacy of those is thoroughly addressed in Defendants' Motion to Dismiss [Doc. 8].

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2021, I filed the foregoing via the CM/ECF filing system, which caused all counsel of record to be served by electronic means.

                        Respectfully submitted,

                        *s/ Holly Agajanian*
                        Holly Agajanian